**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-CV-61620-ARTAU/AUGUSTIN-BIRCH**

**FLORIDA STATE LODGE FRATERNAL**
**ORDER OF POLICE, INC.,** *et al.***,**

      **Petitioners,**

**v.**

**CITY OF PEMBROKE PINES, FLORIDA,** *et al.***,**

      **Respondents.**

_____/

**ORDER DENYING RESPONDENTS' MOTION TO COMPEL**
**DEPOSITION TESTIMONY AND CANCELING JUNE 22 DISCOVERY HEARING**

This matter comes before the Court on Respondents City of Pembroke Pines, Florida, Chief Jose J. Vargas, and Assistant Chief Carlos Bermudez's Motion to Compel Deposition Testimony. DE 52.  Petitioners Florida State Lodge Fraternal Order of Police, Inc., Joel Cuarezma, and Scott Kushi responded to the Motion to Compel, and Respondents did not file a reply.  DE 54.

The subjects of this lawsuit are several text messages between Petitioners Cuarezma and Kushi that the Pembroke Pines Police Department has demanded they produce as part of an internal investigation, notifying them that they are subject to discipline if they do not produce the text messages.  *See* DE 37 at 4–6 (allegations in the Second Amended Complaint).  Petitioners Cuarezma and Kushi contend that demanding they produce what they believe are private and personal text messages violates their Fourth Amendment rights against unreasonable searches and seizures and that discipline for non-production would be retaliation for exercising constitutional rights.  *Id.* at 8–11.  They seek injunctive relief prohibiting the violation of their constitutional rights.  *Id.*

During Petitioners Cuarezma and Kushi's depositions, Respondents asked them about the content of the text messages, and they objected and refused to answer.  Respondents now move for an order compelling Petitioners Cuarezma and Kushi to sit for supplemental depositions and answer questions about the content of the text messages.  Respondents argue that Petitioners have not provided a basis under Federal Rule of Civil Procedure 30(c)(2) that permits them to refuse to answer.  *See* Fed. R. Civ. P. 30(c)(2) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).").

Among the arguments in their response, Petitioners assert that answers about the content of the text messages are disproportional to the needs of this case and thus outside of the scope of discovery.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Fed. R. Civ. P. 26(b)(1).  Disproportionality is not a basis to refuse to answer a deposition question under Rule 30(c)(2).  Typically under Rule 30(c)(2), an objection such as disproportionality should be noted on the record, but the deponent must also provide an answer.  *See* Fed. R. Civ. P. 30(c)(2) ("An objection at the time of the examination . . . must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection.").

But this case is atypical insofar as the very purpose of filing this lawsuit was to keep private the communications that Respondents now seek through discovery.  The discovery procedures in the Federal Rules of Civil Procedure do not fit neatly to such a scenario.  And the Court has the discretion to administer the Rules in the interest of justice.  *See* Fed. R. Civ. P. 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

In this situation, the Court exercises its discretion to entertain Petitioners' disproportionality objection without first requiring answers to the deposition questions about the content of the text messages. And having considered the allegations and claims in this case, Petitioners' disproportionality objection is sustained. Compelling Petitioners to disclose the content of the text messages would, it seems, in effect moot this case, as Petitioners filed it to keep those text messages private. At the same time, Respondents have not explained why they need to know the precise content of the text messages in order to litigate Petitioners' constitutional claims. Petitioners have already disclosed the general subject of the text messages, alleging that they concerned labor relations and interpretation of a collective bargaining agreement. DE 37 ¶ 15. Under these circumstances, requiring Petitioners to disclose the content of the text messages is disproportional to the needs of this case, and thus the disproportionality objection is sustained. At such time as there is a ruling or other update in the case that Respondents believe impacts the disproportionality analysis, they may renew their Motion to Compel.

On this record, Respondents' Motion to Compel Deposition Testimony [DE 52] is **DENIED**. The discovery hearing set for June 22, 2026, at 3:00 p.m. is **CANCELED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 17th day of June, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

3